IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02051-RBJ-MEH

FIRST DESCENTS, INC., a Colorado non-profit corporation,

Plaintiff,

v.

EDDIE BAUER LICENSING SERVICES LLC, a Delaware limited liability company, and
EDDIE BAUER LLC, a Delaware limited liability company,

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff First Descents, Inc. ("First Descents") and Defendants Eddie Bauer Licensing

Services, LLC and Eddie Bauer LLC (collectively, "Eddie Bauer") anticipate that documents,

testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or

commercially sensitive information are likely to be disclosed or produced during the course of

discovery in this litigation and request that the Court enter this Order setting forth the conditions for

treating, obtaining, and using such information.  The parties have stipulated to the terms of this

Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the

following Protective Order Regarding the Confidentiality of Discovery Materials (the "Protective

Order"):

WHEREFORE, IT IS HEREBY STIPULATED AND ORDERED:

1.      This Protective Order shall apply to all information, documents, testimony, or other things

subject to discovery in this action that contains proprietary, confidential, trade secret, or

commercially sensitive information, as well as any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things (collectively, "Discovery Material"), including any information, documents, testimony, or other things designated either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order. As used herein, "Producing Party" shall refer to any party, including the parties to this action as well as non-parties, who disclose and/or produce any Discovery Material in this action. "Receiving Party" shall refer to any party that receives Discovery Material from a Producing Party.

2.      In the absence of written permission from the Producing Party, Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY: (a) shall be protected from disclosure as specified herein, unless (i) the Producing Party states otherwise in writing, or (ii) a party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation; and (b) shall be used only for purposes of this litigation.

3.      The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend or similar legend on the document or thing: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Notwithstanding anything to the contrary in this Protective Order, when the Producing Party is a non-party, any party to this action may designate (as appropriate under the provisions of this Protective Order) any and all Discovery Materials produced by the non-party that include such designating party's confidential information, by sending a letter to all parties and the producing non-party notifying them of the party's designations.

4.      Written discovery may be designated by placing, as appropriate, either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on every page of the written material prior to production. In the

event that original documents are produced for inspection, the Producing Party may produce the documents on a temporary ATTORNEYS' EYES ONLY basis so long as such documents are redesignated by placing the appropriate legend on the documents in the copying process.

5.     Parties or testifying persons may designate depositions (or any portions thereof) and other testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY by so indicating on the record at the time the testimony is given.  All testimony designated under this Protective Order during a deposition shall be deemed ATTORNEYS' EYES ONLY until seven calendar days after counsel for the testifying person receives a final copy of the transcript, at which time all designations made during the deposition are waived unless counsel for the testifying person has informed all other counsel, in writing, of the portions of the transcript that are designated either CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this Protective Order.

6.     A Producing Party may designate Discovery Material as CONFIDENTIAL if it comprises, includes or reflects non-public, confidential, proprietary, and/or commercially sensitive information that is within one or more of the following categories: trade secrets, processes, operations, research, know-how, apparatus, customer lists, amount or source of any income, profits, losses, or expenditures, technical or developmental information, or non-public information concerning the production, marketing, services, sales, shipments, purchases, pricing or transfers of the producing party, or other information the disclosure of which (i) is likely to have the effect of harming the competitive position of the producing party or (ii) would violate an obligation of confidentiality to a third person, including a court.  Discovery Material designated as CONFIDENTIAL may be disclosed only to the following:

(a)     the attorneys for the respective firms representing the parties, who have appearances entered in this case and any attorneys working on this action at their direction ("Outside Attorneys"), as well

as any paralegals and clerical employees of such Outside Attorneys and any copy or other clerical litigation support services working at the direction of any of such Outside Attorneys, paralegals, or clerical employees;

(b)      in-house counsel for each party who are directly responsible for this action, and any paralegals and clerical employees of such in-house counsel;

(c)      no more than two regular full- or part-time officers or employees of the receiving party authorized by such party to review such information for purposes of assisting outside counsel or in-house counsel in the litigation; provided, however, that (i) all such persons have signed the acknowledgement and form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; (ii) the receiving party will supply the producing party with any and all acknowledgements forms signed pursuant to this paragraph within two business days of their execution;

(d)      any person not employed by a party, and who is expressly retained by an attorney described in either Paragraph 6(a) or 6(b) to assist in preparation of this action for trial as a consulting or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that (i) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b) below;

(e)      court reporters, stenographers and videographers retained to record testimony taken in this action;

(f)      the Court, jury, and court personnel;

(g)      graphics, translation, design, and/or trial consulting services, including mock jurors, retained by a party provided, however, that all such persons have signed the acknowledgement form annexed

4

hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; and

(h)      any other person with the prior written consent of the Producing Party

7.      A Producing Party may designate Discovery Materials at the time of disclosure as ATTORNEYS' EYES ONLY if, notwithstanding any overlap with the materials identified in Paragraph 6, the Producing Party in good faith believes the materials to be extremely confidential and/or sensitive in nature and reasonably believes that their disclosure is likely to cause economic harm to the Producing Party. The Parties agree that the ATTORNEYS' EYES ONLY designation may be used with any of the following categories of information:   non-public financial data (including but not limited to pricing, sales, revenue, cost of sales and profits) of any party or its affiliates, proprietary market research, current or projected business, marketing, or strategic materials or plans, technical information regarding current and future products, personal information regarding any of the party's customers, consumers or donors, and any other trade secret or highly sensitive technical information.   Discovery Material designated as ATTORNEYS' EYES ONLY may be disclosed only to the following:

(a)      the Outside Attorneys, any paralegals and clerical employees of such Outside Attorneys, and any copy or other clerical litigation support services working at the direction of any of such Outside Attorneys, paralegals, or clerical employees;

(b)      in-house counsel for each party who are directly responsible for this action, and any paralegals and clerical employees of such in-house counsel;

(c)      in the case of First Descents, Brad Ludden and Kelly Malin, two designated corporate officers who have direct responsibilities relating to this action; provided, however, (i) Mr. Ludden and Ms. Malin will only have access to those ATTORNEYS' EYES ONLY documents and information produced by defendants that are essential for their evaluation of any potential settlement

of this matter (which documents and information will not include any of defendants' prospective business, marketing or strategic plans); (ii) Mr. Ludden and Ms. Malin will sign the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; and (iii) First Descents' outside counsel will maintain a log that (A) identifies the particular ATTORNEYS' EYES ONLY documents by Bates-number and/or deposition testimony by page number or information disclosed to Mr. Ludden and/or Ms. Malin; (B) identifies the manner in which such documents or information were disclosed (e.g., by mail, by fax); and (C) the date on which such disclosure first occurred;

(d)     any person not employed by a party, and who is expressly retained by an attorney described in either Paragraph 6(a) or 6(b) to assist in preparation of this action for trial as a consulting or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that: (i) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b) below;

(e)     court reporters, stenographers and videographers retained to record testimony taken in this action;

(f)     the Court, jury, and court personnel;

(g)     graphics, translation, design, and/or trial consulting services including mock jurors, retained by a Party; provided, however, that all such persons have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; and

(h)     any other person with the prior written consent of the Producing Party,

8.     All persons receiving CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective

6

Order.   Each individual who receives any CONFIDENTIAL or ATTORNEYS' EYES ONLY

Discovery Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of

any proceedings relating to the performance under, compliance with, or violation of this Protective

Order.

(a)      Counsel who makes CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material

available to persons set forth in Paragraphs 6 and/or 7 above shall be responsible for limiting

distribution thereof to those persons authorized under this Protective Order and for cautioning such

persons as to their obligations under this Protective Order. All copies of such disclosed Discovery

Material shall be subject to the same restrictions imposed herein on original materials. Any person

having access to such Discovery Material whose participation in this litigation has been terminated

or otherwise concluded shall return or destroy all such Discovery Material as soon as practicably

possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30)

days after the termination or conclusion of the participation.

(b)      Before disclosure of any Discovery Material designated CONFIDENTIAL or ATTORNEYS'

EYES ONLY to a person described in Paragraphs 6(d) or 7(d) of this Protective Order, counsel for

the Receiving Party shall take the following steps:

(i)      provide a copy of this Protective Order to such person, who shall sign the acknowledgement

form annexed hereto as Exhibit A; and

(ii)      notify all counsel of record in writing, at least three (3) calendar days before any such

disclosure, of the intent to disclose CONFIDENTIAL and/or ATTORNEYS' EYES ONLY

Discovery Material to such person, provide a copy of the acknowledgement form signed by the

person, identify the person's title, job responsibilities and affiliation(s) with the Receiving Party, and,

if the person is a consulting or testimonial expert described in Paragraphs 6(d) and/or 7(d), provide

a copy of the person's most recent curriculum vitae, which shall include an identification of all of the person's past and present employment and/or consulting relationships for the last four (4) years;

(iii)     in the event any party objects to the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material to such person, such party's counsel shall notify counsel for the Receiving Party in writing of the party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made.  Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within two (2) business days, the party objecting to the disclosure may, after that two (2) business-day period has passed, file a motion requesting a protective order. Pending a ruling by the Court upon any such objection(s), the Discovery Material shall not be disclosed to the person objected to by the objecting party.

(c)     Counsel disclosing any Discovery Materials to a person required to execute a copy of the acknowledgement form annexed hereto as Exhibit A shall maintain the original(s) of such form(s).

9.     To the extent that any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material is used in any court proceeding in this Litigation, including depositions, such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of any testimony reflecting such Discovery Material. If this case proceeds to a public trial, this Court will determine which, if any, Discovery Material designated as either CONFIDENTIAL or ATTORNEYS' EYES ONLY shall become part of the public record in this proceeding.

10.     The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces confidential Discovery Material pursuant to this Protective Order.  A party that seeks production of Discovery Material from a third party shall provide a copy of this Protective Order to the third party with the request for production of Discovery Material, so that the third party

is aware of, and may take advantage of, the protections afforded by this Protective Order.

11.     The recipients of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Discovery Material provided under this Protective Order, and all material that derives therefrom, shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such materials.   Any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

12.     CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation pursuant to the procedures and restrictions set forth in D.C.COLO.LCivR 7.2  of the United States District Court for the District of Colorado.  The Court may, in its discretion, re-designate as the Court deems appropriate any materials filed under seal by a party or third party pursuant to this paragraph.

13.     Discovery Material shall not be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY, regardless of its designation, if it falls into any of the following categories of information, documents, and/or things:

(a)      available to the public at the time of its production hereunder;

(b)     available to the public after the time of its production through no unauthorized act, failure to act, or violation of this Order by the Receiving Party, its, his or her counsel, representatives or experts;

(c)     known to the Receiving Party or shown to have been independently developed by the Receiving Party prior to its production herein or without use or benefit of the Discovery Material;

(d)     obtained outside of this action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY; provided, however,

that this provision does not negate any pre-existing obligation of confidentiality;

(e) obtained by the Receiving Party from a non-party having the right to disclose the same; or

(f) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party

or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

14.     Upon giving written notice, any party may apply to remove the restrictions set forth herein

on Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, based upon

a showing that such Discovery Material falls into one of the categories specified in Paragraph 13 of

this Protective Order.  Before any such application to remove restrictions on Discovery Material,

the parties shall follow the steps set forth in Paragraph 19 (a) through 19(c) below.

15.     The inadvertent production of Discovery Material subject to the attorney-client privilege

and/or the work-product doctrine will not waive the protections of the applicable attorney client

privilege and/or work-product doctrine.  Upon a request from a party that has inadvertently produced

Discovery Material that it believes should be subject to the attorney-client or work-product doctrine,

each party receiving said Discovery Material shall immediately return it and all copies to the

Producing Party.  Notwithstanding the foregoing, this Paragraph shall not prevent the Receiving

Party from preparing a record for its, his or her own use containing the date, author, addresses, and

topic of such Discovery Material and such other information as is reasonably necessary to identify

the Discovery Material and describe its nature to the Court in any motion to compel production of

the Discovery Material.

16.     The inadvertent failure by a Producing Party to designate Discovery Material as

CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not waive any such designation, provided

that the Producing Party notifies all Receiving Parties that such Discovery Material is

CONFIDENTIAL or ATTORNEYS' EYES ONLY within five (5) calendar days from when the

failure to designate first becomes known to the Producing Party.  A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.   If, before the Producing Party notifies a Receiving Party of such designation of already-produced Discovery Material, the Receiving Party discloses such Discovery Material in a manner or to any person or entity, inconsistent with the subsequent designation, that Receiving Party shall notify the Producing Party within three (3) calendar days of receiving such notice.

17.      In the event of a disclosure of any Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the relevant Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.   The counsel for the party responsible for having made such disclosure shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

18.      Not later than ninety (90) days after the final disposition of this litigation, (including after appeals, if any), each party shall return all CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material to counsel for the relevant Producing Party or, in alternative, destroy such Discovery Material.  All parties that have received any such Discovery Material shall certify in writing that all such CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material has been returned or destroyed.  Notwithstanding the provisions for return or destruction of Discovery

Material, Outside Counsel may retain pleadings, expert reports, depositions, deposition exhibits, trial exhibits, motions and attachments to motions, and attorney and consultant work product for archival purposes.

19.     Any Discovery Material produced prior to entry of this Protective Order shall be retroactively designated by notice in writing of the designated class of each Discovery Material by Bates number within twenty (20) days of entry of this Order.  Furthermore,  a Receiving Party may at any time request that the Producing Party cancel or modify the designation with respect to any Discovery Material.  A party shall not be obligated to challenge the propriety of any designation of Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time the Discovery Material is received, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated and the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a)     The objecting party shall have the burden of conferring in person, in writing (including by email), or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The designating party shall have the burden of justifying the disputed designation;

(b)     Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation;

(c)     Notwithstanding any challenge to a designation, the Discovery Material in question that has been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall continue to be treated as

such under this Protective Order until one of the following occurs:

(i)      the party who designated the Discovery Material in question as CONFIDENTIAL or

ATTORNEYS' EYES ONLY withdraws such designation in writing (including by email); or

(ii)     the Court rules that the Discovery Material in question is not entitled to the designation.

20.      If Discovery Material sought by a Receiving Party is subject to a confidentiality obligation

of the Producing Party to a third party, and such obligation is not satisfied by the terms of this

Protective Order, the Producing Party shall promptly request permission from such third party to

produce the requested Discovery Material and shall provide a copy of this Protective Order to the

third party.  If the third party does not consent to production of the requested Discovery Material,

the Receiving Party may make a motion to the Court for an order modifying the terms of this

Protective Order specifically with respect to the requested Discovery Material.

21.      This Protective Order is entered without prejudice to the right of any party to seek further

or additional protection of any Discovery Material or to modify this Protective Order in any way.

Nothing in this Protective Order shall be deemed to bar any Producing Party from seeking such

additional protection, including, without limitation, an order that certain matter not be produced at

all.

22.      If, at any time, Discovery Material becomes subject to a subpoena by any court or arbitral,

administrative, or legislative body, the person to whom the subpoena or other request is directed

shall immediately give written notice thereof to every party who has produced such Discovery

Material and to its, his or her counsel and shall provide each such party with an opportunity to object

to the production of confidential materials.  If a Producing Party does not move for a protective

order within ten (10) days of the date written notice is given, the party to whom the referenced

subpoena is directed may produce such Discovery Material in response thereto.

23.     Nothing in this Protective Order shall preclude any party to this lawsuit or any attorneys for any party to this lawsuit from (a) showing Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to any individual who either prepared the Discovery Material or received or reviewed it prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, its, his or her own Discovery Material, regardless of designation.  Notwithstanding any designation of Discovery Material by a Producing Party under this Protective Order, any witness may be shown at a deposition and examined on any Discovery Material produced by the witness' current employer or that the witness authored or previously received.  The witness, if a former employee, may also be shown at a deposition and examined regarding any Discovery Material for which: (a) specific documentary or testimonial evidence indicates that (i) the Discovery Material was previously communicated to, or received from, the witness, or (ii) the witness was involved in the specific matters addressed in the Discovery Material; or (b) the Producing Party of the Discovery Material agrees to such use.

24.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

25.     This Protective Order shall be binding upon the parties hereto, their counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

26.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof: is privileged, otherwise non-discoverable, or not admissible in evidence in this action or any other proceeding.

27.     Notwithstanding anything to the contrary above, nothing in this Protective Order shall be

15

construed to change the burdens of proof or legal standards applicable in disputes regarding whether

particular Discovery Material is confidential, proprietary, trade secret or commercially sensitive;

which level of confidentiality is appropriate; and whether disclosure should be restricted, and if so,

what restrictions should apply.

      Dated and entered at Denver, Colorado, this 22nd day of November, 2011.

                  BY THE COURT:

                  *Michael E. Hegarty*

                  Michael E. Hegarty
                  United States Magistrate Judge

**APPROVED:**

s/  Gayle L. Strong
Gayle L. Strong
Amy L. Kramer
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Tel:  303-572-6500
Fax:  303-572-6540
strongg@gtlaw.com
kramera@gtlaw.com


ATTORNEYS FOR PLAINTIFF

s/  Kevin A. Russell
Sean M. Berkowitz
Kevin A. Russell
Matthew W. Walch
Sue K. Paik
LATHAM & WATKINS LLP
233 S. Wacker Drive, Suite 5800
Chicago, IL  60606
Tel:  312-876-7700
Fax:  312-993-9767
sean.berkowitz@lw.com kevin.russell@lw.com
matthew.walch@lw.com
sue.paik@lw.com

Cliff Stricklin
Andrew B. Mohraz
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, CO  80203-4541
Tel: 303-861-7000
Fax:  303-866-0200
cliff.stricklin@hro.com
andrew.mohraz@hro.com


ATTORNEYS FOR DEFENDANT